IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Cynthia Whitesides,

        Plaintiff,

  v.

Jennifer White and Luanne Layman,

        Defendants.

Case No. 2:15-cv-2471

Judge Graham

Opinion and Order

Plaintiff Cynthia Whitesides brings this action *pro se* under 42 U.S.C. § 1983. The suit is brought against Jennifer White and Luanne Layman in their official capacities as employees of Franklin County Children Services. The complaint asserts a due process claim relating to the removal of plaintiff's daughter from parental custody. Plaintiff alleges that Franklin County Children Services took her sixteen year old daughter into its care in 2014 and that Children Services, under the supervision of White, placed her daughter in "confided mental settings." Plaintiff states that the complaint is directed against Children Services and "is not aimed at the defendants personally." The complaint seeks damages in the amount of $87 million.

This matter is before the court on defendants' motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss a pleading for failure to state a claim, the court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. Iqbal, 556 U.S. at 679; Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Twombly, 550 U.S. at 555-56. Pleadings filed *pro* se are "to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

Defendants argue that plaintiff has not made sufficient allegations to support an official-capacity suit. "[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent." Alkire v. Irving, 330 F.3d 802, 810 (6th Cir. 2003) (citing Kentucky v. Graham, 473 U.S. 159, 165 (1985)). An official capacity suit is "another way of pleading an action against an entity of

1

which an officer is an agent." Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 n. 55 (1978). A governmental entity may be held liable under § 1983 only when the entity's policy or custom was a "moving force" behind the deprivation. Graham, 473 U.S. at 166; Monell, 436 U.S. at 694. "A 'custom' for purposes of Monell liability must 'be so permanent and well-settled as to constitute a custom or usage with the force of law.'" Doe v. Claiborne Cnty., Tenn., 103 F.3d 495, 507 (6th Cir. 1996) (quoting Monell, 436 U.S. at 691).

In order to state a claim against a local governmental entity under § 1983 for monetary relief, a plaintiff must show (1) a deprivation of her constitutional or federal rights (2) that occurred pursuant to a custom, usage, or official policy of the municipality. Monell, 436 U.S. at 690-91. Plaintiff's due process claim fails to satisfy either element. The allegations contain little factual detail, but plaintiff concedes that there was an "adjudication hearing" in which a court made findings and determinations in connection with the removal of her daughter from parental custody. The essential requirement of due process is that the state provide a person with notice and an opportunity to be heard. Warren v. City of Athens, 411 F.3d 697, 708 (6th Cir. 2005). Moreover, plaintiff fails to allege that the removal of her daughter occurred pursuant to a policy or custom by which her due process rights were disregarded.

Plaintiff has made other allegations relating to her daughter's situation. She alleges that "as a family we have not gotten the help that we expected on a professional level" from defendants. Plaintiff contends that her daughter has not received proper treatment for her "small drug use," that her daughter was given medication for which she "didn't sign for," that she was not allowed to accompany her daughter to the doctor, and that her daughter has had personal items taken or stolen. She further alleges that Children Services has not worked out a plan of family reunification and that Children Services intends to emancipate her daughter, who is now seventeen years old, rather than return her to parental custody. Plaintiff contends that Layman has been "very negative" in denying a request for assistance with housing and has acted with "racist overtones."

Even liberally construed, these allegations do not contain sufficient factual matter, accepted as true, which state a claim to relief that is plausible on its face. Plaintiff has not established an alleged deprivation of her or her daughter's constitutional rights, nor has she alleged the existence of a policy or custom by which any constitutional deprivation occurred.

Accordingly, defendants' motion to dismiss (doc. 14) is granted. Plaintiff's objection (doc. 11) to the magistrate judge's order denying appointment of counsel is denied, and this action is

hereby dismissed.

                                                                                              s/ James L. Graham  
                                                                                              JAMES L. GRAHAM  
                                                                                                    United States District Judge

DATE: March 31, 2016